# IN RE HEINZ.

PATENTS; CLAIMS; PATENTABILITY; AFFIDAVITS.

1. Where the tribunals of the Patent Office, without objection on the part of an applicant and apparently with his consent, treat claims substituted by him for his original claims as having been presented by way of amendment, in order to put the claims in better form for appeal, he will be considered as having waived an objection, for the first time made in this court, that the substituted claims were not substantially the same as the original ones, and therefore should have been referred back to the Primary Examiner for reconsideration.

2. Where an applicant for a patent for an improvement in wall ties does
    nothing more than make changes in form over devices covered by exist-
    ing patents, producing no new result, his application is properly re-
    jected.

3. Proof by affidavit by an applicant for a patent that his invention has not
    only entered into public use, but has displaced rival devices, will not
    make that patentable which is clearly not so. Such proof is of value
    only in cases where patentability, irrespective of such proof, is a mat-
    ter of doubt. (Following Re Garrett, 27 App. D. C. 19.)

No. 595.  Patent Appeals.  Submitted November 15, 1909.  Decided Decem-
                                ber 7, 1909.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting an application for a patent.    *Affirmed.*

·The facts are stated in the opinion.

*Mr. James M. Spear* and *Mr. John H. Whipple* for the ap-
pellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This is an appeal by William V. Heinz from the decision of
the Commissioner of Patents rejecting an application for a
patent for an improvement in wall ties.

The application was filed March 20, 1906, and contained eight
claims. These were rejected on reference to the patents to Knox,
Grafton, Morse, and Raymond & Gockel, on August 15, 1906.
On September 15, 1906, a slight amendment was made to the
specifications, and two new claims substituted for the original
eight. These were rejected October 1, 1906, and after a slight
amendment again rejected November 10, 1906. A third claim
was then added, and reconsideration requested. These claims
were again rejected on November 27, 1906. On October 26,

1907, applicant filed substitute specifications, and submitted the two following claims, in lieu of his former ones:

"1. An improved article of manufacture of the class mentioned, comprising an intermediate straight tie-rod and two equilateral quadrangular bonding heads extended in the same plane, the bonding heads being joined at one of their angles to the end of the tie-rod, and having the opposite angle disposed in a line coincident with the axis of the tie-rod.

"2. An improved article of manufacture of the class mentioned, comprising a straight tie-rod and an equilateral quadrangular bonding head extended in the same plane, the bonding head being joined at one of its angles to the end of the tie-rod, and having the opposite angle disposed in a line coincident with the axis of the tie-rod, and securing means on the other end of the tie-rod."

He also filed his affidavit relating to the novelty of his invention, and tending to show that he had manufactured the same in large quantities, and found general sale in the market, and during this period had never seen or heard of the devices of the patents referred to by the Examiner. On December 13, 1907, the Examiner, as shown in his statement then made in response to the amendment, regarded the amended claims as anticipated by the former patents. He also stated: "It is noted that the present claims are not identical with the claims which were finally rejected, but the Examiner is not disposed to raise any question of substantial identity, and desires to save applicant any further delay in the prosecution of the case, and therefore forwards the appeal." The applicant then prosecuted his appeal before the Examiners-in-Chief. These noted the Examiner's statement above quoted, and added: "We have compared the two sets of claims, and find they are substantially the same in subject-matter, and will treat the appealed claims as being simply in better form than those finally rejected, and the final rejection of the latter as the final rejection of the appealed claims. The applicant has also taken the same view of the appealed claims." They then affirmed the decision appealed from. On appeal to the Commissioner, their decision was affirmed, he noting also

that the last claims had been introduced by amendment "for the purpose of presenting the case in better form for appeal," and, further, the statement of the Examiners-in-Chief to the effect that they had been so treated by both the Examiner and the applicant.

From this last decision this appeal has been taken.

The first reason assigned for the appeal is that the Commissioner erred in considering the amended claims as substantially the same as those for which they had been substituted, and in not referring the case back to the Primary Examiner for the reconsideration to which he was entitled by law.

Patent Office rule 68 permits amendments after appeal noted, canceling claims or presenting those rejected in better form for consideration on appeal, and also amendments touching the merits of the application, but the latter must be upon a showing, duly verified, of good and sufficient reasons why they were not earlier presented.

The applicant evidently regarded the amendments to the claims as presenting them in better shape for appeal, for he offered no showing why, in case he regarded them as making substantial changes, they had not been earlier presented; nor did he ask for a reconsideration. He must have conceded on the hearing before the Examiner-in-Chief that the last claims were substantially like the former ones, and merely put in better form for consideration on appeal, or else they would not have stated in their decision that he took that view. He then appealed to the Commissioner on the merits of his case, and suffered him, without correction or objection, to indulge the same view. He waived the objection, if, in fact, there was any ground for it, and cannot now be heard to urge it.

On the merits of the application, the Examiners-in-Chief and the Commissioner, after a full and fair discussion of the resemblances and differences between the devices of former patentees and that of the applicant, concurred in holding that he had done nothing more than make changes in form, which produced no new result.

Agreeing with their reasons fully, further discussion would serve no useful purpose.

The affidavit of the applicant, before referred to, in regard to the general sales and use of his device need not be discussed. Even if it were shown that a newly claimed invention had not only entered into public use, but had also displaced rival devices, it would not make that patentable which is clearly not so. Such proof is of value only in cases where patentability, irrespective of such proof, is a matter of doubt. *Re Garrett,* 27 App. D. C. 19–24, and cases there cited.

The decision will be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents.

*Affirmed.*